# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

**JAMES D. ERVIN, JR.**                                      **CIVIL ACTION**

**VERSUS**                                                    **NO. 08-03783**

**GUIDANT CORPORATION, ET AL.**                      **SECTION "C" (2)**

## ORDER AND REASONS[1]

    This case involves an action between the plaintiff James D. Ervin, Jr. and the defendants Guidant Sales Corporation, Cardant Pacemakers, Inc., Boston Scientific Corporation, and Guidant LLC[2] (collectively Guidant).  This matter comes before the court on the defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(6).  Rec. Doc. 17. Having considered the record, the memoranda of counsel and the law, the Court has determined that the defendants' motion should be PARTIALLY GRANTED and PARTIALLY DENIED for the following reasons.

## I.  Background

    The plaintiff filed his complaint in the Eastern District of Louisiana on June 23, 2008. Rec. Doc. 1.  The defendants filed a pre-answer Motion to Dismiss Pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) on June 21, 2010.  Rec. Doc. 17.  The plaintiff filed a Supplemental and Amended Complaint on June 28, 2010.  Rec. Doc. 20.  The plaintiff filed an Opposition to Motion to Dismiss Case on June 30, 2010.  Rec. Doc. 21.

---

[1] Ellen Cornutt, J.D. Candidate at The University of Virginia School of Law assisted in preparing this Order and Reasons.
[2] Guidant LLC formerly conducted business as Guidant Corporation.  On February 19, 2010, Guidant Corporation converted into Guidant, LLC under Indiana law.  Rec. Doc. 17 at 1.

The plaintiff has a history of cardiac problems and underwent bypass surgery in 1995. In December of 2002, he was diagnosed with congestive heart failure. In August of 2001, he was implanted with an implantable cardioverter defibrillator ("ICD"), Pacesetter model 1559. On November 19, 2002, the defibrillator's component parts were changed to a Guidant CRT device H115, Serial No. 100619; a Guidant Model 4512, Serial No. 312566; and a Model 4470, Serial No. 340306. In July 2003 the plaintiff was admitted to Medical Center Louisiana New Orleans due to his ICD malfunctioning by repeatedly shocking him. On April 10, 2007, the plaintiff was implanted with an ICD from Boston Scientific, Model H215, Serial No. 706816. Also in 2007, the plaintiff was admitted to the hospital again for his ICD repeatedly shocking him. Rec. Doc. 20 at 1-2. The plaintiff alleges that the malfunctioning of the ICDs cause him "excruciating pain" and "permanent damage to his heart." Rec. Doc. 20 at 2.

The plaintiff brings claims for, *inter alia*, breach of Louisiana Products Liability Act ("LPLA"), breach of the warranty against redhibition under Louisiana state law, and for violation of federal law and regulations, including 21 C.F.R. §§ 7.3(g), 803.50-803.53, 806.10, 820, 814.39 and 21 U.S.C. § 360(i). He cites in support of his federal law claims the findings of the FDA inspections in 2005 and 2006 which he claims "confirm that the Guidant was violating federal and state law in manufacturing the [d]evices and that the same are defective." Rec. Doc. 1 at 23.

## II. Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6).

The defendants collectively bring this pre-answer Motion to Dismiss Pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Rec. Doc. 17. The defendants argue that the plaintiff's claims must be dismissed because (1) the plaintiff asserts theories of liability that are prohibited by the LPLA, LA. REV.

2

STAT. § 9:2800.51, *et seq.*; and (2) the plaintiff fails to state a cause of action under the LPLA with sufficient particularity under the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Rule 12(b)(6) permits dismissal of pleadings which fail to state a claim upon which relief can be granted. Dismissal is appropriate in cases where the face of the pleadings demonstrate that the plaintiff can prove no set of facts that would entitle the plaintiff to relief. *Borskey v. Medtronics, Inc.*, 1998 WL 122602, at *3 (E.D.La. Mar. 18, 1998) (quoting *Garrett v. Commonwealth Mortg. Corp. of Am.*, 938 F.2d 591, 594 (5th Cir. 1991)).

## A. Exclusivity of the Louisiana Products Liability Act

The LPLA sets forth the specific framework for products liability cases in the state of Louisiana. *Grenier v. Med. Eng'g Corp.*, 99 F. Supp.2d 759, 763 (W.D.La. 2000). It is well-settled that the LPLA establishes the exclusive theories of liability for manufacturers for damages caused by their products. *See, e.g.*, *New Orleans Assets, L.L.C. v. Carl E. Woodward, L.L.C.*, 278 F.Supp.2d 776 (E.D.La. 2003); *McCarthy v. Danek Medical, Inc.*, 65 F.Supp.2d 410 (E.D.La. 1999). In order to assert a claim against a manufacturer of a product under the LPLA, the plaintiff must show "damage proximately caused by an unreasonably dangerous characteristic of the product when used in a reasonably anticipated manner." *See* La. Rev. Stat. §2800.54; *Grenier,* 99 F.Supp.2d at 763. A plaintiff may show that the product is "unreasonably dangerous" if it is dangerous either (1) in construction or composition; (2) in design; (3) because of inadequate warning; or (4) because of failure to conform to an express warranty. *Id.* In the present case, the defendants argue that the plaintiff asserts theories of liability outside the scope of the LPLA including fraud, misrepresentation, and concealment.

This Court has held that a court applying Louisiana law may dismiss claims against manufacturers that are inconsistent with these exclusive theories. *See Lee v. Bayer Corp.*, 2002 WL 1058893, at * 2 (E.D.La. May 24, 2002). Furthermore, courts applying Louisiana law have frequently dismissed cases that assert theories of fraud, negligence, and misrepresentation because such claims are outside the scope of the LPLA. *See Barrette v. Dow Agreosciences, L.L.C.,* 2002 WL 31365598, at *4 (E.D.La. Oct. 18, 2002) (dismissing plaintiff's claims of negligence, strict liability, redhibition, breach of implied warranty, fraud, and misrepresentation); *Bladen v. C.B. Fleet Holding Co.,* 487 F.Supp.2d 759, 766-67 (W.D.La. 2007) (dismissing claims against the defendant pharmaceutical manufacturer under LUTPA for alleged "conduct and actions in selling the product" because the claims were barred by the LPLA). The exclusivity of the LPLA extends to federal law claims against manufacturers as well. *See King v. Bayer Pharmaceuticals Corp.*, 2009 WL 2135223 (W.D.La. 2009) (holding that federal courts sitting in diversity in Louisiana do not recognize any claims against manufacturers for violation of FDA regulations because LPLA provides exclusive remedy).

In his Opposition to Motion to Dismiss Case, the plaintiff asserts "claims for violation of federal law and regulations, fraud, concealment and misrepresentation." Rec. Doc. 21 at 2. However, the plaintiff fails to refute the defendant's argument that the LPLA precludes liability for these claims. The plaintiff's amended complaint similarly offers no argument defeating the exclusivity of the LPLA's theories of liability for these claims. Thus the plaintiff's state law claims for fraud, concealment, misrepresentation, and his federal law claims are all barred under the exclusivity provision of the LPLA.

**B. *Twombly* Standard**

To the extent that the plaintiff pleads causes of action within the permitted theories of liability under the LPLA for alleged injury due to the malfunction of the ICD, defendants argue that the plaintiff's complaint fails to plead a cause of action that satisfies the pleading requirements of Rule 8(a) under *Twombly*. 550 U.S. at 555. Rule 8(a) demands more than legal conclusions without plausible factual allegations. *Id*. Only a complaint which states a plausible claim for relief can survive a motion to dismiss. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

Under Louisiana law, a plaintiff asserting a products liability claim against a defendant manufacturer must claim that (1) the defendant manufactured the product; (2) the product proximately caused the alleged injuries; (3) the product was unreasonably dangerous as provided by statute; and (4) the plaintiff's damage arose from a reasonably anticipated use of the product. La. Rev. Stat. 9:2800.54; *Wheat v. Pfizer*, 31 F.3d 340 (5th Cir. 1994).

In the amended complaint the plaintiff identifies multiple ICDs implanted into the plaintiff which were manufactured by the defendants. The amended complaint contains the assertion that the ICD repeatedly malfunctioned, shocking the defendant and causing "excruciating pain and causing permanent damage to his heart." Rec. Doc. 20 at 2. However, defendants assert that the complaint fails to specify the alleged defect in the plaintiff's ICD beyond the claim that the defect is a "condition in which a random memory error causes functional 'latching' that limits available therapy," "short circuiting," and "otherwise malfunction[ing]." *See* Rec. Doc. 1 at 2, 13, and 24. As to the alleged injury, the amended complaint states that after the plaintiff was admitted to University hospital in 2007 "it was determined that the ICD had shocked the plaintiff into a mild heart attach[sic] (ventricular fibrillation)." Rec. Doc. 20 at 2.

The plaintiff has sufficiently pled the elements of an LPLA claim. A product is considered "unreasonably dangerous" if it is unreasonably dangerous: (1) in construction or composition; (2) in design; (3) because an adequate warning about the product has not been provided; or (4) because it does not conform to an express warranty of the manufacturer. LA. REV. STAT. § 9:2800.54. The unreasonably dangerous characteristic of the product must exist at the time the product left the control of the manufacturer or result from a reasonably anticipated alteration or modification of the product. *Id.* The plaintiff has asserted adequate facts to indicate that various ICDs malfunctioned. This is sufficient at the pleading stage. Discovery will presumably flesh out what, if any, design or manufacturing defects existed, and whatever timely were adequately provided.

Accordingly,

IT IS ORDERED that the defendants' Motion to Dismiss is GRANTED with respect to any state and federal law claims other than under the LPLA and DENIED as to the claims under the LPLA. Rec. Doc. 17.

New Orleans, Louisiana, this 5th day August, 2010.

Helen G. Berrigan
United States District Judge